UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| DANIEL F. MARTIN, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | CAUSE NO.: 1:08-CV-233-TS |
| WILBER PUCKETT, BRAD PUCKETT, and PUCKETT AUCTIONS, | ) ) ) ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

The pro se Plaintiff, Daniel F. Martin, contends that as part of a 2005 tax sale the Indiana state courts wrongly evicted him from property in which he holds a Life Estate. He now wants this Court to halt the impending auction of personal property that was removed by the holder of a Tax Deed for that property. To this end, the Plaintiff has filed the following documents with this Court: Request for a Temporary Injunction Blocking the Sale of Daniel F. Martin's Property That has been obtained from M. Deed LLC, Tom Terry, Jerry J. Terry, Jerome Kirby Thompson, B. Nash LLC and or M. Jewell LLC which they have been contracted to sell at Public Auction on Saturday October 11th, 2008 at 2700 West Monroe St. in Muncie Indiana [Memorandum, DE 1]; Motion for an Order to Proceed Forma Pauperous [sic] [DE 2], and; Notice of Addresses of Where Service Can Be Given [DE 3]. Attached to the Memorandum and filed as separate supplements to the Memorandum are various Noble Circuit Court filings and other documents, which pertain to the property at issue.

**A.    The Plaintiff's Allegations**

In his Memorandum in support of injunctive relief, the Plaintiff submits that he was

granted a Life Estate in his mother's property upon her death in 1985. The Plaintiff maintains that Indiana law provides that a holder of a Life Estate cannot be evicted from a property until death, even for nonpayment of taxes. He also contends that he was not given proper notice that property taxes were delinquent on the property or that it was going to be sold for delinquent taxes. He argues that the Quit Claim Deed issued for the property was procured through fraud and that he was deprived of his property without due process. Therefore, he believes that the Court should enjoin the sale of items that the Defendants took from this property to sell at an auction on October 11, 2008.

The Plaintiff has not filed a complaint. Neither has he attempted to serve his filings on the Defendants.

**B.     Analysis**

**1.     *Request to Proceed In Forma Pauperis***

The federal in forma pauperis statute, 28 U.S.C. §1915, provides indigent litigants an opportunity for meaningful access to the federal courts in spite of their inability to pay the costs and fees associated with that access. *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989). To authorize a litigant to proceed *in forma pauperis*, the court must make two determinations: first, whether the litigant is unable to pay the costs of commencing the action, 28 U.S.C. § 1915(a)(1); and second, whether the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Under the first inquiry, an indigent party may initiate an action in federal court, without costs and fees, upon submission of an affidavit asserting an inability "to

pay such costs or give security therefor." 28 U.S.C. § 1915(a).

The Plaintiff failed to presented an affidavit of indigency with his Motion. Therefore, the Court cannot be satisfied that the Plaintiff is unable to pay the costs of this action. Neither has he filed a complaint. This makes it impossible for the Court to follow the mandates of 28 U.S.C. § 1915(e)(2)(B) and determine whether the complaint can be construed as stating a claim for which relief can be granted or seeks monetary relief against a defendant who is immune from such relief. Without a complaint, the Court cannot even make the most basic findings regarding its subject matter jurisdiction. Moreover, a complaint is required to commence a civil action in federal court. *See* Fed. R. Civ. P. 3 ("A civil action is commenced by filing a complaint with the court."). Accordingly, the Plaintiff's Motion to proceed in this matter without prepayment of the filing fee is denied.

**2.**     ***Request for "Temporary Injunction"***

Even though the Plaintiff has not filed a complaint and initiated a civil action, he is requesting that the Court grant him injunctive relief. Because the Plaintiff's Motion seeks to halt a sale that was a mere four days away, because he does not request a hearing, and because he did not attempt to obtain serve of process on the Defendants, the Court assumes that the Plaintiff is seeking relief in the form of a temporary restraining order (TRO), to be followed by a preliminary injunction.

In general, a temporary restraining order is designed to preserve the *status quo* for a brief period, usually not more than ten days, until a hearing can be held on a request for a preliminary injunction. 7-Pt.2 Jeremy C. Moore et al., *Moore's Federal Practice* § 65.05 (2d ed. rev. 1988);

11 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure: Civil* § 2951, at 498–99 (1973). Federal Rule of Civil Procedure 65(b) governs TROs. A TRO may be granted "without written or oral notice to the adverse party or that party's attorney only if (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required." Fed. R. Civ. P. 65(b).

A court may grant an order pursuant to an ex parte request only under extremely limited circumstances. *Am. Can Co. v. Mansukhani*, 742 F.2d 314, 321 (7th Cir. 1984). "Because ex parte temporary restraining orders are vulnerable to abuse, the safeguards embodied in Federal Rule of Civil Procedure 65(b) must be scrupulously honored." *PaineWebber Inc. v. Can Am Financial Group, Ltd.*, 1987 WL 16012, *1 (N.D. Ill. 1987) (citing 11 C. Wright & A. Miller, Federal Practice & Procedure § 2952 (1973)). The Plaintiffs' application for a TRO fails to comply with the requirements for an ex parte TRO.

The Plaintiff has not demonstrated that he has made any attempt to give notice to the adverse party as Rule 65(b)(1)(B) requires. The stringent restrictions on the availability of ex parte TROs "reflect[s] the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted to both sides of a dispute." *Granny Goose Foods, Inc. v. Brotherhood of Teamsters*, 415 U.S. 423, 438–39 (1974). An ex parte TRO may be warranted where notice to the adverse party is impossible either because the identity of the adverse party is unknown or because a known party

cannot be located in time for a hearing. *See Am. Can Co.*, 742 F.2d at 322. Neither of these scenarios is present here. The Plaintiff knows the identities of the Defendants and has even provided the Court with their contact information.

Furthermore, Rule 65(b)(1) requires that an applicant set forth facts in an affidavit or certified complaint. An affidavit is "a statement reduced to writing and the truth of which is sworn to before someone who is authorized to administer an oath." *Pfeil v. Rogers*, 757 F.2d 850, 859 (7th Cir. 1985). "What separates affidavits from simple statements is the certification. The requirement is not a trivial one for it subjects the affiant to perjury penalties if falsely made." *Adkins v. Mid-America Growers, Inc.*, 141 F.R.D. 466, *469 (N.D. Ill. 1992) (citing *DeBruyne v. Equitable Life Assurance Soc.*, 920 F.2d 457 (7th Cir. 1990)); see *also Daugherity v. Traylor Bros., Inc.*, 970 F.2d 348, 355 (7th Cir. 1992) (verified complaint the functional equivalent of an affidavit). The Plaintiff has not filed an affidavit or a verified complaint in support of his request for an order stopping the Defendants' auction. The Court cannot grant the Plaintiff's requested relief on the basis of the submissions currently in the record.

## CONCLUSION

For the foregoing reasons, the Plaintiff's Motion for an Order to Proceed Forma Pauperous [sic] [DE 2] and Motion for "Temporary Injunction" [DE 1] are DENIED. The Clerk is directed to CLOSE this CAUSE.

SO ORDERED on October 10, 2008.

                                              s/ Theresa L. Springmann
                                             THERESA L. SPRINGMANN
                                             UNITED STATES DISTRICT COURT