# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| DANIEL F. MARTIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO.: 1:08-CV-233-TS |
| | ) |
| WILBER PUCKETT, BRAD PUCKETT, | ) |
| and PUCKETT AUCTIONS, | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

On October 8, 2008, *pro se* Plaintiff Daniel F. Martin filed a motion for preliminary injunctive relief. He requested that the Court stop a public auction that was scheduled for October 11 because some of the property that the Defendant auctioneers were going to sell rightly belonged to him. He maintained that two state court judges and an attorney took part in unlawful state court proceedings to evict him from property for failure to pay taxes.

On October 10, the Court denied the Plaintiff's motion on grounds that he had not initiated a civil suit and had not attempted to serve his federal court filings on the Defendants or explained why notice was not required. Additionally, the Plaintiff had not paid the filing fee or presented an affidavit of indigency.

On October 14, the Plaintiff filed a motion for the Court to vacate and set aside its October 10 Opinion and Order. The Plaintiff argues that the Court made several errors in its Order denying his request to stop the auction. The relief the Plaintiff seeks includes a court order to facilitate the return of his property from individuals who attended the auction and purchased items that he claims rightfully belong to him.

The Court will construe that Plaintiff's request as one under Federal Rule of Civil

Procedure 59(e), which pertains to motions to alter or amend a judgment filed within ten days after the entry of judgment. *See United States v. West 644 Route 38, Maple Park, Ill.*, 190 F.3d 781, 783 (7th Cir. 1999) (noting that all motions that request a substantive alteration in the judgment and that are served within 10 days of entry of judgment will be treated as based on Rule 59). A Rule 59(e) motion must clearly establish a manifest error of law or must present newly discovered evidence. *FDIC v. Meyer*, 781 F.2d 1260, 1268 (7th Cir. 1986).

> While Rule 59(e) permits parties to bring to the court's attention errors so they can be corrected without the costs associated with appellate procedure, "[t]he rule does not provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance arguments that could or should have been presented to the district court prior to the judgment." *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996).

*Popovits v. Circuit City Stores, Inc.*, 185 F.3d 726, 730 (7th Cir. 1999) (brackets in original).

The Plaintiff argues that the Court was wrong to state that he did not file a complaint and initiate a civil lawsuit because he set forth his claims in the Legal Memorandum and Brief that he filed in support of his request for injunctive relief. It was not a manifest error of law for the Court to find that this sixteen page Brief, plus exhibits, does not follow the general rules of pleadings set forth in Federal Rule of Civil Procedure 8, and is not a complaint. The Brief (which the Plaintiff maintains sets forth his complaint allegations) is not even clear as to who the Plaintiff's claims are against. The Plaintiff admits in his Motion to Vacate that his real grievances are against the attorneys and judges who handled the state proceedings that resulted in the loss of his property, not against the Defendant auctioneers whom he actually named in the caption. Neither does the Brief state the grounds for this Court's jurisdiction. The Court is no more able to follow the mandates of 28 U.S.C. § 1915(e)(2)(B) and determine whether the complaint can be construed as stating a claim for which relief can be granted or as seeking

monetary relief against a defendant who is immune from such relief than it was on October 10.

Nor is the Court convinced that it erred in concluding that the Plaintiff did not follow the procedures outlined in Rule 65(b), particularly as it relates to stating in writing the efforts, if any, that he made to give notice to the Defendants and the reasons supporting any claim that notice should not be required. As the Court noted in its October 10 Opinion and Order, it may grant an order pursuant to an *ex parte* request only under extremely limited circumstances. *Am. Can Co. v. Mansukhani*, 742 F.2d 314, 321 (7th Cir. 1984). The Plaintiff does not suggest that the notice requirements should be excused, but contends that the Court was wrong to say that the Defendants did not have notice because, on October 6, 20008, he sent them a "Notice" that advised of his ownership of the property, his intention to seek an injunction to block the sale, and his intention to take legal action in federal court if they sold property belonging to him. This Notice, however, is completely separate and distinct from the *ex parte* request for injunctive relief that the Plaintiff filed in this Court on October 8.

The Plaintiff addresses the shortcomings in his request to proceed *in forma pauperis* by reasserting his claims that he is the victim of violations of state and federal law (committed by two circuit court judges and the justices of the Indiana Court of Appeals and the Indiana Supreme Court) and that he cannot pay the filing fee. He expresses his belief that because he is "the victim of a Corrupt Legal System in the State of Indiana," that he "would not have to pay any costs of filing fees that would pertain to this case." (Motion to Vacate 6; DE 8.) The Plaintiff has not demonstrated that it was manifest error for the Court to deny his motion on the basis that he has not submitted an affidavit asserting an inability "to pay such costs or give security therefor," 28 U.S.C. § 1915(a), and on the basis of his failure to submit a complaint that

complies with Rule 8.

The Plaintiff is correct in his conclusion that this Court made no ruling on the merits of the claims that he argued in his Memorandum and Brief. Rather, the Court found that the procedural flaws prevented the Court from doing so. Because these findings were not made in error, the Plaintiff's Motion to Vacate is denied.

## CONCLUSION AND ORDER

For the foregoing reasons, the Plaintiff's Motion to Vacate [DE 8] is DENIED.

SO ORDERED on October 28, 2008.

 s/ Theresa L. Springmann  
THERESA L. SPRINGMANN  
UNITED STATES DISTRICT COURT
